# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MILWAUKEE DEPUTY SHERIFFS ASSOCIATION,**
**MARK ZIDEK and ILIR SINO,**
   **Plaintiffs,**

  v.                Case No. 06-C-602

**DAVID A. CLARKE JR., EDWARD BAILEY**
**and MILWAUKEE COUNTY,**
   **Defendants.**

---

## DECISION AND ORDER

  In this § 1983 action, I granted summary judgment to plaintiffs and awarded them attorney's fees. Defendants unsuccessfully appealed, and plaintiffs now seek $32,132.50 in fees and $103.69 in costs for their work on appeal. Pursuant to Fed. R. Civ. P. 37(a), plaintiffs also ask for post-judgment interest.

  In § 1983 cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The award may include fees incurred on appeal. <u>Ustrak v. Fairman</u>, 851 F.2d 983, 990 (7th Cir. 1988). A party may seek fees based on appellate work in either the district court or the court of appeals. <u>Jannotta v. Subway Sandwich Shops, Inc.</u>, 225 F.3d 815, 819-20 (7th Cir. 2000). Defendants do not dispute that plaintiffs are a prevailing party and entitled to fees. However, they dispute the reasonableness of plaintiffs' request.

  The starting point for determining a reasonable fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley v. Eckerhardt</u>, 461 U.S. 424, 434 (1983). Multiplication of these two amounts results in a

lodestar, which is presumed to be a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). After determining the lodestar, I may adjust the fee upward or downward based on a variety of factors, the most important of which is the results obtained. Hensley, 461 U.S. at 434.

Plaintiffs seek hourly rates of $250 for attorney Jonathan Cermele, $200 for attorney Rachel Pings, $175 for attorney Matthew Granitz, and $150 for attorney Scott Jess. Defendants do not challenge the reasonableness of the rates. Because an attorney's actual rate is the best evidence of the market rate and is presumptively reasonable, I find the requested rates are reasonable. See People Who Care v. Rockford Bd. of Edu., 90 F.3d 1307, 1310 (7th Cir. 1996).

As to the number of hours to include in the initial fee calculation, I exclude hours not reasonably expended on the litigation. Hensley, 461 U.S. at 434. Hours can be excessive if they are disproportionate to the number of hours normally associated with the task performed. See 1 Alba Conte, Attorneys Fee Awards § 4:25 (3d ed. 2010). Plaintiffs claim 74.2 hours for the work of Attorney Cermele, 53.1 for Pings, 3.9 for Granitz, and 15.2 for Jess. Defendants argue that counsel spent excessive hours preparing for oral argument. Cermele claims 55.4 hours for such work and Jess 15.2 hours. I agree that this number of hours is more than can be supported and will reduce it by 19.1 hours for Cermele and 4.2 for Jess. Defendants also argue that I should eliminate additional hours as excessive because multiple attorneys spent time reviewing appellate rules. However, at most defendants identify only a half hour of such time, and I do not find it unreasonable.

Thus, the lodestar includes 55.1 hours at $250 per hour for Cermele; 53.1 hours at $200 per hour for Pings; 3.9 hours at $175 per hour for Granitz; and 11 hours at $150 per

hour for Jess. Thus, the presumptively reasonable fee award is $26,727.50. Defendants ask me to adjust the loadstar downward. However, I see no reason to do so. Defendants forced plaintiffs to defend their victory on appeal and to incur additional fees, and because they prevailed, plaintiffs are entitled to such fees. See Ustrak, 851 F.2d at 990.

As to costs, plaintiffs seek $20.92 for printing briefs, $27.81 for sending briefs by courier, and $54.96 for attorney travel expenses in addition to the $86.35 taxed by the Seventh Circuit under Fed. R. App. P. 39(d). Defendants object, but plaintiffs are entitled to reimbursement for these costs. See 42 U.S.C. § 1988; see also Downes v. Volkswagen of Am., 41 F.3d 1132, 1144 (7th Cir. 1994).

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for attorney fees and costs is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiffs are awarded attorney fees and costs in the amount of $26,831.19.

**IT IS FURTHER ORDERED** that the Clerk of Courts shall calculate post judgment interest accruing on the February 5, 2008 judgment pursuant to 28 U.S.C. §1961.

Dated at Milwaukee, Wisconsin, this 14 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge